IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-00645-RM-STV

INTERNAL REVENUE SERVICE, STATE OF COLORADO,
COLORADO DEPARTMENT OF REVENUE
ex. rel. VANESSA C. GARLAND,

    Plaintiffs,

v.

HERMAN A. LOSHE, III,
BARRETT FRAPPIER & WEISSMAN, LLP,
TERRI HOBBS,
GILBERT MARTINEZ,
DANIEL S. WILSON,
THOMAS MOWLE,
MARI DENT,
FAY SERVICING, INC.,
BRANDY DAVID,[1]
COLORADO FEDERAL SAVINGS BANK, and
DOES 1 THROUGH 5,

    Defendants.

---

## ORDER
---

This matter is before the Court on (1) the United States' Level 2 Restricted Notice of Decision to Decline Intervention in Qui Tam Action (the "Declination") (ECF No. 13); and (2) the United States' Level 2 Restricted Motion to Unrestrict Case (the "Motion to Unrestrict") (ECF No. 14). In considering these filings, the Court has reviewed the applicable rules and the record, including the United States' Level 2 Response to Order to Show Cause (the "Response")

---

[1] Also referred to as "Brandy Davis." (ECF No. 1, pages 2, 19, 20.)

(ECF No. 15).² Upon such considerations, and being otherwise fully advised, the Court finds as follows.

Plaintiff filed this action on March 10, 2017. The Court's Order of August 4, 2017, states the United States Government ("United States") was served on August 4, 2017, but a review of the record (including the Response) shows the United States has not been served. Instead, the United States has only received notice of this action from this court. Thus, to date, Plaintiff has not served the United States, and has not otherwise taken any action to move this case forward. (*See* Dkt.) Nonetheless, in response to the orders issued in this case, the United States has submitted various filings. The Court addresses the two filings which are responsive to its Order of August 4, 2017 (ECF No. 10).

In the first filing (the Declination), the United States advises it will not intervene in this action, but requests it be served with filings in this case. In addition, the United States also advises that it intends to retain (and reserve) relief which may be allowed to the United States under 31 U.S.C. § 3730, *e.g.,* obtaining copies of all deposition transcripts; intervening at a later date upon the showing of good cause; and seeking dismissal of the relator's action. And, further, the United States requests an order affording such relief. The Court has reviewed § 3730 and finds it generally supports the United States' request.

As for the second filing (the Motion to Unrestrict), there, the United States seeks to unseal this action. It argues that unsealing the record serves the public interest as the filings would be subject to scrutiny by the defendants and the public. The Court finds no reason why the case should remain seal and agrees with the United States' rationale.

Based on the foregoing, the Court **ORDERS** as follows:

(1) That the Clerk shall unseal this case;

---

² The Response was filed to the Order to Show Cause issued by Magistrate Judge Scott T. Varholak.

(2) That all prior filings and orders in this case are hereby unrestricted and shall be available for public access;

(3) That the parties shall serve all pleadings and motions filed in this action upon the United States, that the parties shall serve all notices of appeal upon the United States, and that all orders of this court shall be sent to the United States;

(4) That the United States, at its own expense, may order any deposition transcripts in this action;

(5) That the United States may file a motion to intervene in this action at a later date, upon showing good cause; and

(6) That should the relator or defendant(s) propose that this action be dismissed, settled, or otherwise discontinued, the written consent of the United States must be obtained before any ruling or granting may be made.

DATED this 12th day of October, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge